By the Court.
The jurisdiction in error of the circuit court is conferred by Section 6709, Revised Statutes. The section defines and limits that jurisdiction by the provision that “A judgment rendered or final order made by any court of common pleas, or a judge thereof, may be reversed, vacated or modified by the circuit court,” etc. The court of common pleas in these cases had not rendered judgements because it had not determined the rights of the parties. Nor had it made a final order in the cases. The orders which- it made did not prevent judgments but expressly retained the cases for re *366 trial and judgment. Its action in that behalf was strictly in pursuance of the provisions of Section 6733, Revised Statutes, that “When the proceedings of a justice of the peace áre taken on error to the court of common pleas, in manner aforesaid, and the judgment of such justice is reversed or set aside, the court shall render judgment of reversal, and for the costs that have áccrued up to that time, in favor of the plaintiff in error, and award execution therefor; and the cause, except when the reversal is because the justice had no jurisdiction of the plaintiff in error, or of the subject of the action, shall be retained by the court for trial and' final judgment, as in cases of appeal.”
These provisions of the statute regard the substantial consideration, obviously overlooked by the circuit court, that a review of the judgments of reversal entered by the court of common pleas may be quite unnecessary, for its judgment upon the retrial which it ordered may be as favorable to the original plaintiffs as were those of the justice of the peace.
The judgments of the circuit court will be reversed, the petitions in error in that court will be dismissed, and the causes will be remanded to the court of common pleas for trial according to its orders.

Judgments reversed.

Crew, C. J., Summers, Spear, Davis and Spiauck, JJ., concur.